IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 1, 2023

## MARSHALL CHISM v. ROMELLO LOVE

**Appeal from the Circuit Court for Shelby County
No. CT-4367-21     Jerry Stokes, Judge**

_____

**No. W2022-00294-COA-R3-CV**

_____

The Appellant challenges the circuit court's grant of an order of protection, asserting that the evidence preponderates against the finding that the Appellant stalked the Appellee. Because the order of protection has expired by its own terms, we dismiss the appeal as moot.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JEFFREY USMAN, J., delivered the opinion of the court, in which JOHN W. MCCLARTY and CARMA DENNIS MCGEE, JJ., joined.

P. Craig Grinstead, Memphis, Tennessee, for the appellant, Romello Love.[1]

**MEMORANDUM OPINION[2]**

I.

Appellant Romello Love, asks this court to reverse the circuit court's order of protection enjoining Mr. Love from having contact with his ex-wife's intimate partner, Marshall Chism. According to the Statement of Evidence[3] filed by Mr. Love, Mr. Love

---

[1] The Appellee, Marshall Chism, did not file a responsive brief.

[2] Under Rule 10 of the Rules of the Tennessee Court of Appeals, "[t]his Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value."

[3] Pursuant to Tennessee Rule of Appellate Procedure 24, the appellant may file a statement of the evidence in the absence of a transcript. Rule 24 requires that the statement be certified by appellant or appellant's counsel as an accurate account of the proceedings and that it be filed within 60 days of the notice of appeal.

and his ex-wife, Shatyra Johnson, were involved in a custody dispute. On September 28, 2021, Ms. Johnson sought a protective order enjoining Mr. Love from having contact with her. *See Johnson v. Love*, No. W2022-00293-COA-R3-CV. Ms. Johnson alleged that Mr. Love stalked her by following her on two occasions. Subsequently, Mr. Love sought an order of protection against Mr. Chism, alleging he received 21 telephone calls, which included death threats and the sounds of gunfire, from a blocked number he traced to Mr. Chism.

Mr. Chism filed his petition for an order of protection in the General Sessions Court on October 1, 2021, alleging that Mr. Love had stalked him by following him in a car on two occasions. The temporary ex parte order sought by Mr. Chism was denied. The case was subsequently transferred to Shelby County Circuit Court to be consolidated with the other matters being litigated among the parties.[4] After a hearing, the circuit court, based on a finding of stalking, granted the order of protection barring Mr. Love from having contact with Mr. Chism. The order stated that it took effect on December 20, 2021, and it was entered on February 7, 2022. The order also included in its terms an expiration date, noting, "This Order ends (date) 3/20/22."[5] According to the statement of evidence, the circuit court likewise granted the order of protection sought by Ms. Johnson. *See Johnson v. Love*, No. W2022-00293-COA-R3-CV (appealing the order of protection granted to Ms. Johnson). Mr. Love filed a timely appeal challenging the entry of the order of protection.

II.

On appeal, Mr. Love argues that the order of protection should be reversed because Mr. Chism did not prove by a preponderance of the evidence that Mr. Love stalked him. *See* Tenn. Code Ann. §§ 36-3-602(a); 39-17-315. As noted above, the order of protection, by its own terms, expired on March 20, 2022, less than two weeks after Mr. Love filed his notice of appeal and long before he filed his appellate brief on September 7, 2022. Nevertheless, the appellate brief did not address this court's jurisdiction over an expired order of protection. We conclude that the appeal should be dismissed as moot.

A case becomes moot when it "no longer serves as a means to provide some sort of

---

The statement of the evidence included in the record does not contain any certification as to accuracy and was filed on May 24, 2022, more than 60 days after the notice of appeal filed March 8, 2022. The record reveals no objections. Given our disposition of the case, the facts are provided purely for context.

[4] The record shows that the General Sessions Criminal Court of Shelby County dismissed the order of protection on October 28, 2021, for failure to prosecute, despite the fact that an order transferring the case to the Shelby County Circuit Court was entered on October 18, 2021. Mr. Love does not address the effect of this purported dismissal.

[5] The record contains what appears to be a memorandum from the circuit court indicating that the order is effective until June 20, 2022. Whether the order expired in March or June 2022 is immaterial to the analysis on appeal.

judicial relief to the prevailing party." *Norma Faye Pyles Lynch Family Purpose LLC v. Putnam Cnty.*, 301 S.W.3d 196, 204 (Tenn. 2009). Moreover, this court "is limited to deciding issues that qualify as justiciable, meaning issues that place some real interest in dispute." *City of Memphis v. Hargett*, 414 S.W.3d 88, 96 (Tenn. 2013) (citing *Colonial Pipeline Co. v. Morgan*, 263 S.W.3d 827, 838 (Tenn. 2008)). This court "must practice restraint in addressing issues when the parties 'do not have a continuing, real, live, and substantial interest in the outcome.'" *Krohn v. Krohn*, No. M2021-01020-COA-R3-CV, 2023 WL 2492190, at *2 (Tenn. Ct. App. Mar. 14, 2023) (quoting *Norma Faye Pyles*, 301 S.W.3d at 210). Because mootness implicates justiciability, this Court is "obligated independently to raise the question sua sponte," even in the absence of any request by a party. *Hooker v. Haslam*, 437 S.W.3d 409, 433 (Tenn. 2014). In this case, Mr. Love's appellate brief did not address jurisdiction, although the brief was filed months after the order of protection had expired, and Mr. Chism, the appellee, did not file a brief.

This court has, on numerous occasions, dismissed appeals of orders of protection for mootness when the order of protection had expired by the time the appellate opinion was rendered. *See Tenney ex rel. Desirae B. v. Bullington*, No. M2020-01432-COA-R3-CV, 2021 WL 5562714, at *1 (Tenn. Ct. App. Nov. 29, 2021) ("Furthermore, this court routinely dismisses appeals as moot when the disputed order of protection expires before the appeal is considered."); *Ruzzene v. Stewart*, No. E2019-00291-COA-R3-CV, 2020 WL 4556828, at *1 (Tenn. Ct. App. Aug. 6, 2020) (dismissing an appeal of an order of protection as moot when no exceptions to the mootness doctrine were asserted); *Anders v. Anders*, No. W2017-00071-COA-R3-CV, 2018 WL 2174127, at *2 (Tenn. Ct. App. May 11, 2018) (pretermitting all issues because the order of protection had expired and the appeal was accordingly moot); *Brown v. Nunley*, No. W2016-00646-COA-R3-CV, 2017 WL 2928792 (Tenn. Ct. App. July 10, 2017) (because the appellant only challenged the order of protection which had already expired, the appeal was moot); *Miller v. Miller*, No. E2009-02090-COA-R3-CV, 2010 WL 1947653, at *1 (Tenn. Ct. App. May 14, 2010); *Winningham v. Strotter*, No. 03A01-9112-CV-00423, 1992 WL 94717, at *1 (Tenn. Ct. App. May 8, 1992) (concluding that the appeal was moot when the order of protection had long expired).

Here, the order expired by its own terms on March 20, 2022. There is nothing in the record to show that it was ever extended. Mr. Love never made any argument addressing this court's jurisdiction, despite the fact that the order expired long before he filed his appellate brief. Based upon the record before us, we conclude that there is no live controversy between the parties and that the appeal must be dismissed as moot. Costs are taxed to the Appellant, Romello Love.

_____
JEFFREY USMAN, J.